# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 C 2926 | **DATE** | 10/21/2004 |
| **CASE TITLE** | SERVICE AUTO vs. BENJAMIN, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
      ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]   Motion (7-1) to dismiss is granted in part and denied in part. Enter memorandum opinion and order.

(11) ■ [For further detail see order attached to the original minute order.]

| ✓ | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | Document Number |
| | Notices mailed by judge's staff. | | OCT 28 2004 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | 12 |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| DW | courtroom deputy's initials | 2004 OCT 27 PM 1:03 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

SERVICE AUTO PARTS, INC., and
WAYNE HODGETTS, JR.,

    Plaintiffs,

v.

BENJAMIN & BIRKENSTEIN, P.C., and
HAROLD A. LEFTWICH,

    Defendants.

No. 04 C 2926
Judge James B. Zagel



DOCKETED
OCT 2 8 2004

## MEMORANDUM OPINION AND ORDER

### Factual Background

On April 26, 2004, Plaintiffs Service Auto Parts, Inc. ("SAP") and Wayne Hodgetts, Jr. filed a four-count Complaint against Defendants Benjamin & Birkenstein (B&B) and Harold Leftwich, alleging accounting negligence, breach of fiduciary duty, fraud, and negligent misrepresentation. All the counts in Plaintiffs' Complaint relate to accounting and consulting services provided by Leftwich, an employee of B&B. Those services included preparation of SAP's financial statements, balance sheets, income statements, general ledgers, tax returns, and weekly payroll. Specifically, Plaintiffs allege that Leftwich, among other things, knowingly prepared incorrect financial statements in which SAP appeared to be more profitable and financially stable than it actually was. According to Plaintiffs, the overly positive picture portrayed in the financial reports caused them to make financially detrimental and unsupportable business decisions. It should be noted that Leftwich was not hired to audit the financial statements of the company but rather to prepare them. The motive behind Leftwich's actions has not been alleged, but it need not be in this case.

## Analysis

Defendants now move, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiffs' Complaint. A motion to dismiss under Rule 12(b)(6) is proper where it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). In reviewing a motion to dismiss, the court must construe all allegations in the complaint in the light most favorable to the plaintiff and accept all well-pled facts and allegations as true. *Bontkowski v. First Nat'l Bank*, 998 F.2d 459, 461 (7th Cir. 1993).

### A. Plaintiffs' Allegations of Accounting Negligence and Breach of Fiduciary Duty

In their Complaint, Plaintiffs allege independent counts of accounting negligence and breach of fiduciary duty. Defendants argue that these claims cannot be maintained as separate counts because they are duplicative. Under Illinois law, a breach of fiduciary duty claim can be properly dismissed if "it alleges the same operative facts and the same resulting injury" as a negligence claim, *Fabricare Equip. Credit Corp. v. Bell, Boyd & Lloyd*, 328 Ill. App. 3d 784, 791 (1st Dist. 2002), or if it mirrors a negligence claim. *Calhoun v. Rane*, 234 Ill. App. 3d 90 (1st Dist. 1992).

Plaintiffs' claims for breach of fiduciary duty and accounting negligence are similar; they deal with the same set of relevant facts, Leftwich's dereliction duty, and they allege the same financial injury. While some additional facts, relevant to a claim for breach of fiduciary duty, are separately alleged, they either arise out of or are intimately related to the facts alleged in the accounting negligence claim. Because of the overwhelming similarities, I find that Plaintiffs' breach of fiduciary duty claim is duplicative and should be dismissed.

2

**B. Plaintiffs' Claim of Fraud**

Despite Defendants' argument to the contrary, even a cursory review of Plaintiffs' fraud claim shows that Plaintiffs have, in fact, alleged each element with the particularity required by Fed. R. Civ. P. 9(b). To allege a claim for fraud, the Plaintiffs must establish that (1) defendant made a false statement of material fact, (2) defendant knew the statement was false, (3) defendant intended the statement to induce plaintiff to act, (4) plaintiff reasonably relied on the truth of the statement, and (5) plaintiff's damages resulted from that reliance. *Hart v. Boehmer Chevrolet Sales, Inc.*, 337 Ill. App. 3d 742, 752 (2nd Dist. 2003). Specifically, Plaintiffs allege that Leftwich knowingly and intentionally prepared SAP's financial statements inaccurately, improperly reducing its accounts payable and removing debt from its financial statements, in order to inflate SAP's gross profit margins during the fiscal year ending June 30, 2002 and the fiscal period ending March 31, 2003. (Cmpl. ¶¶24-26, 30(a) and (b), 52-56). The Complaint goes further to describe the alleged misstatements in detail, stating that Leftwich under reported SAP's debt by $605,000 and accounts payable by $225,000. (Cmpl. ¶30). The Complaint also alleges that, on May 6, 2003, Leftwich admitted to manipulating and misrepresenting accounting entries, including accounts payable, costs of goods sold, and debt, so as to artificially inflate SAP's gross profit margin. (Cmpl. ¶52). Plaintiffs' fraud claim then concludes by alleging that Plaintiffs lost approximately $1.5M because of their reliance on Leftwich's misstatements. Since the information contained in Plaintiffs' fraud count more than satisfies the requirements of Rule 9(b), I find the claim may stand.

## C. Plaintiffs' Claim of Negligent Misrepresentation

Defendants argue that Plaintiffs' claim for negligent misrepresentation should be dismissed because it fails to allege that Defendants intended to induce Plaintiffs to act. Plaintiffs, on the other hand, argue that intent to induce is not an explicit element of negligent misrepresentation and reference cases, including *Zimmerman v. Northfield Real Estate, Inc.,* 156 Ill. App. 3d 154 (1st Dist. 1986) and *Harkala v. Wildwood Realty, Inc.,* 200 Ill. App. 3d 447 (1st Dist. 1990), to support their point. The parties' argument over the purported elements of negligent misrepresentation is, however, somewhat irrelevant. Unlike fraud, negligent misrepresentation is not subject to heightened pleading requirements. Plaintiffs' negligent misrepresentation claim is more than sufficient to put Defendants on notice of the claim against them and to satisfy the requirements of federal notice pleading. Moreover, even if particularity was required and intent to induce was an element, Plaintiffs' pleading would still be sufficient to state a claim for negligent misrepresentation as Plaintiffs do, in fact, allege that Defendants acted with the intent to induce Plaintiffs' actions. (Cmpl. ¶14-19, 22, 30, 45, 52-57). For these reasons, I am allowing Plaintiffs' claim for negligent misrepresentation.

## D. Punitive Damages, Prejudgment Interest, & Attorneys' Fees

Defendants argue that Plaintiffs' claims for punitive damages, prejudgment interest, and attorneys' fees should be dismissed because they are not supported by the allegations in Plaintiffs' Complaint. I disagree. Under Illinois law, a plaintiff may seek punitive damages, attorneys' fees, and prejudgment interest in connection with a claim for fraud. *Home Sav. & Loan Assoc. v. Schneider,* 108 Ill. 2d 277, 284 (1985) (Punitive damages may be allowed "where the wrong involves some violation of a duty springing from a relation of trust or confidence.");

*Roboserve, Inc. v. Kato Kagaku Co.*, 78 F.3d 266, 273-74 (7th Cir. 1996) (Out of pocket losses, such as attorneys' fees, may be recoverable, in an action for fraud, if they stem from actions induced by defendant's misstatements.); *Forrester v. State Bank of East Moline*, 52 Ill. App. 3d 34, 42 (3rd Dist. 1975) (The Illinois Interest Act has been held to allow interest on a judgment for fraud.). In this case, it is far too early to tell what type of damages will be appropriate. Since there is a possible basis for Plaintiffs' claims for punitive damages, prejudgment interest, and attorneys' fees, I will allow them to stand.

Defendants' Motion to Dismiss is GRANTED as to Plaintiffs' claim for breach of fiduciary duty and is otherwise DENIED.

ENTER:

James B. Zagel
United States District Judge

DATE: 21 Oct 2004